UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMARIO WIGGINS,<br><br>                    Petitioner,<br><br>       v.<br><br>CLARK DUCART,<br><br>                    Respondent. | No. 2: 16-cv-1669 MCE KJN P<br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

   Petitioner is a state prisoner, proceeding through counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2011 conviction for second degree murder and being a felon in possession of a firearm.

   On March 9, 2017 a hearing was held regarding respondent's motion to dismiss on the grounds that this action is barred by the statute of limitations. Deputy Attorney General Justain Riley appeared on behalf of respondent. Orly Ahrony appeared on behalf of petitioner. For the reasons stated herein, the undersigned recommends that respondent's motion be granted.

II. Background

   Petitioner, himself, opened this action on June 13, 2016, by filing a motion for extension of time to file a habeas corpus petition. (ECF No. 1.) On August 29, 2016 petitioner, through counsel, filed a habeas corpus petition. (ECF No. 5.) The petition raises two claims. First,

1

petitioner argues that his trial counsel was ineffective by failing to investigate his case and failing to prepare for trial. Second, petitioner argues that the trial court wrongly denied trial counsel's request for a continuance so that he could investigate and prepare for trial.

III. Statute of Limitations

    A. Filing Date of Petition

As noted above, petitioner filed a motion for extension of time to file a petition before he filed his petition. For the following reasons, the undersigned finds that the court determines whether this action is timely based on the date the petition was filed, i.e., August 29, 2016, rather than the filing date of the motion for extension of time.

A petition for a writ of habeas corpus must: "1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing Section 2254 Cases, Rule 2.

Petitioner's motion for extension of time did not meet the above requirements. Petitioner could have remedied his situation by filing a "protective" petition, along with his motion for extension of time, but he did not do so. See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (Prisoners may avoid the risk of having the federal statute of limitations expire while they are exhausting their state remedies by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.). As such, no petition was pending at the time the present action was opened on June 13, 2016. Therefore, at that time it was not a "pending" case for habeas corpus relief and it did not toll the limitations period because his initial filing did not constitute a challenge to his conviction. Cf. Woodford v. Garceau, 538 U.S. 202, 210 (2003) (request for counsel in capital case is not equivalent to an actual habeas petition for purpose of determining whether AEDPA applies — "a case does not become 'pending' until an actual application for habeas corpus relief is filed in federal court."); see also Braggs v. Walker, 2011 WL 2709847, *2 (N.D. Cal. 2011) (although the filing of a letter and request for an extension of time commenced the federal action, the filing did

not constitute a "pending" habeas petition, and thus the limitations period was not tolled); <u>Miles v. Grounds</u>, 2013 WL 2337912, *4-5 (E.D. Cal. May 28, 2013) (petitioner's correspondence with court and motions for extensions of time "cannot be considered petitions for writ of habeas corpus" for purposes of tolling limitations period); <u>Alexander v. Uribe</u>, 2012 WL 2872809, *2 (E.D. Cal. July 12, 2012) (petitioner's motion for extension of time commenced action, but it did not challenge the merits of his conviction, thus district court considered whether action is timely based on date petitioner filed his petition rather than the motion); <u>Scott v. Swarthout</u>, 2012 WL 2839804, *22 (E.D. Cal. July 10, 2012) ("motion to toll time" did not toll limitations period).

Accordingly, the undersigned considers whether this action is timely based on the date petitioner filed his petition on August 29, 2016, rather than the date he filed his motion for extension of time.

B.  Calculation of Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that,

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

////

The California Supreme Court denied petitioner's petition for review on April 11, 2012. (Respondent's Lodged Document 4.) Therefore, petitioner's conviction became final 90 days later on July 10, 2012, when the period for filing a petition for writ of certiorari with the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The one year limitations period commenced running the following day, i.e., July 11, 2012. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

The instant action is not timely unless petition is entitled to statutory or equitable tolling.

C. <u>Statutory Tolling</u>

*Legal Standard*

Section 2244(d)(2) suspends the limitations period not only for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court but also, in appropriate circumstances, "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." Biggs v. Terhune, 339 F.3d 1045, 1046 (9th Cir. 2003); see also Carey v. Saffold, 536 U.S. 214, 219-25 (2002) (in California cases, a post-conviction matter is "pending" between the denial of a petition in a lower court and the filing, "within a reasonable time," of a "further original state habeas petition in a higher court"). Continuous tolling under Section 2244(d)(2)—commonly referred to as interval or gap tolling—is available only if a prisoner acted promptly in seeking relief at the next state court level. See Evans v. Chavis, 546 U.S. 189, 191-92 (2006); Pace v. DiGuglielmo, 544 U.S. 408, 413-14 ) (2005).

*Background of State Court Petitions*

Petitioner filed his first state habeas petition on March 18, 2013, in the Sacramento County Superior Court. (Respondent's Lodged Document 5.) The Superior Court denied this petition on May 1, 2013. (Respondent's Lodged Document 6.)

Petitioner filed a habeas corpus petition in the California Court of Appeal on January 9, 2015. (Respondent's Lodged Document 7.) The California Court of Appeal denied this petition on March 5, 2015. (Respondent's Lodged Document 8.)

////

4

Petitioner filed a habeas corpus petition in the California Supreme Court on April 2, 2015. (Respondent's Lodged Document 9.)  The California Supreme Court denied this petition on July 8, 2015.  (Respondent's Lodged Document 10.)

In all three state petitions, petitioner was represented by the attorney representing petitioner in the instant action.

*Discussion*

The parties do not dispute that petitioner is entitled to statutory tolling for the 45 days his petition was pending in the Sacramento County Superior Court.  Adding 45 days to the tolling period extended it to August 24, 2013.

For the following reasons, the undersigned finds that petitioner is not entitled to gap tolling for the 617 days he waited to file his next state habeas petition in the California Court of Appeal (specifically, between May 1, 2013, and January 9, 2015).

Under California law, a habeas petition is timely only if filed within a "reasonable time." See Chavis, 546 U.S. at 192.  Because "California courts had not provided authoritative guidance on this issue," the Supreme Court in Chavis "made its own conjecture … 'that California's "reasonable time" standard would not lead to filing delays substantially longer than' between 30 and 60 days." Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting Chavis, 546 U.S. at 199).  However, if a petitioner demonstrates good cause, California courts allow a longer delay. Robinson, 795 F.3d at 929 (citing In re Robbins, 18 Cal.4th 770, 780 (Cal. 1998)).  A petition that has been substantially delayed may nevertheless be considered on the merits if the petitioner can establish good cause for the delay, such as investigation of a potentially meritorious claim, or to avoid piecemeal presentation of claims. Robbins, 18 Cal.4th at 780.

When the timeliness of a federal habeas petition is at issue, and there is not clear indication by the state court whether or not the underlying claim was timely, "the federal court 'must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.'" Stewart v. Cate, 757 F.3d 929, 935 (9th Cir. 2014) (quoting Chavis.)  In other words, even if the California court did not expressly address the timeliness issue, a federal habeas court must do so when faced with an interval tolling question.

5

The California Court of Appeal denied petitioner's habeas petition without comment or citation. However, because this petition was filed beyond the 30 to 60 day time period found reasonable by the Supreme Court in Chavis, the undersigned must determine whether the California Court of Appeal would have found this petition timely. For the following reasons, the undersigned finds that the California Court of Appeal would not have found this petition timely, i.e., petitioner has not shown good cause for the delay

In the opposition to the pending motion, petitioner argues that,

> [t]he minor delays in between petitions were necessary due to the complexity of navigating the collateral review process without counsel. Petitioner, considering his background, education, experience, and position in custody, acted with diligence and reasonableness.

(ECF No. 16 at 4-5.)

As discussed above, counsel representing petition in the instant action represented petitioner in all three state habeas petitions. Therefore, petitioner's argument that his pro se status justified the delay is without merit.

In the petition filed in the California Court of Appeal, petitioner's habeas counsel argued that there was good cause for the delay because she had to determine whether there was a factual and legal basis for petitioner's ineffective assistance of counsel claim. (Respondent's Lodged Document 7 at 14.) However, in this petition, counsel did not describe in any detail her efforts to determine whether there were grounds for petitioner's ineffective assistance of counsel claim.

At the April 9, 2017 hearing before the undersigned, petitioner's habeas counsel told the court that the delay in filing the state appellate petition was due to her ongoing investigation. Habeas counsel also represented that she did not receive all discovery from trial counsel until April 29, 2014. However, trial counsel's alleged failure to provide habeas counsel with the complete discovery until April 29, 2014, does not completely explain why counsel waited until January 9, 2015 to file the state appellate petition.[1]

---

[1] Petitioner attached to his state appellate petition a declaration by trial counsel dated June 20, 2014. (See Respondent's Lodged Document 7.) This declaration was not attached to the petition filed in Superior Court. This declaration is also the only new exhibit attached to this petition. As discussed above, the state appellate petition was filed approximately seven months later on

1    Although not raised in petitioner's opposition to the motion to dismiss, at the April 9,
2 2017 hearing, habeas counsel told the court that the delay in filing the state appellate petition was
3 also caused by petitioner's inability to pay her to prepare this petition.  This circumstance appears
4 to be the primary explanation for the delay in the filing of the state appellate petition.  This
5 circumstance does not support a finding of good cause for the delay.  See Robbins, 18 Cal.4th at
6 780.  Accordingly, petitioner is not entitled to gap tolling for the 617 days between the time the
7 Superior Court denied his petition and when he filed his state appellate petition.

8    Without gap tolling, the statute of limitations ran on August 24, 2013.  Because the
9 petition filed in the California Court of Appeal was filed after the statute of limitations ran,
10 petitioner is not entitled to statutory tolling as to this petition or his petition filed in the California
11 Supreme Court.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (once the statute
12 of limitations period runs, subsequent collateral review petitions do not "restart" the clock.)
13 Accordingly, the instant petition is not timely unless petitioner is entitled to equitable tolling.

14    The undersigned observes that even if petitioner were granted statutory tolling for the
15 entire 842 days his state petitions were pending, i.e. from March 18, 2013, to July 8, 2015, the
16 instant action would still not be timely.  Adding 842 days to the limitations period extends it to
17 October 30, 2015.  The instant petition was filed August 29, 2016.

18    D.  Equitable Tolling
19    *Legal Standard*
20    The one year statute of limitations for filing a habeas petition may be equitably tolled if
21 extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time.
22 See Holland v. Florida, 560 U.S. 631, 645 (2010).  A petitioner seeking equitable tolling must
23 establish two elements:  "(1) that he has been pursuing his rights diligently, and (2) that some
24 extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).
25 ////
26 ////
27
28 January 9, 2015.

7

*Discussion*

In the opposition to the pending motion, habeas counsel argues that petitioner is entitled to equitable tolling based on trial counsel's failure to adequately prepare for trial. It is unclear how trial counsel's alleged lack of preparation prevented petitioner from filing a timely federal habeas petition. Trial counsel's alleged failure to prepare does not explain the delays in the filing of the state habeas petitions. Trial counsel's alleged failure to prepare also does not explain the over one year delay between the time the California Supreme Court denied petitioner's habeas petition and when habeas counsel filed the pending habeas petition.

Petitioner presents no other grounds for equitable tolling. Accordingly, because petitioner is not entitled to equitable tolling, the instant petition is untimely. Respondent's motion to dismiss should be granted.[2]

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 12) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file ritten objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the

---

[2] The undersigned is dismayed that at the March 9, 2017 hearing on the pending motion, petitioner's habeas counsel was woefully unprepared and appeared unfamiliar with the relevant law and facts in this particular case. Of note, however, at the hearing habeas counsel represented to the court that for every habeas corpus petition she filed on petitioner's behalf, she obtained a new retainer. Habeas counsel represented to the court that with every new retainer, she sent petitioner a letter informing him of the relevant deadlines, apparently in reference to the statute of limitations. Therefore, it appears that petitioner had knowledge of the statute of limitations deadlines during the relevant time period, and that until he once again retained counsel, he was responsible for timely filing his next habeas petition.

objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 20, 2017

Wig1669.mtd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE